JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment of conviction of the County Court of Rockland county, and order, affirmed.

---

BROOKLYN TRUST COMPANY, Respondent, v. BERTHA E. SCHUNDLER and HANS O. SCHUNDLER, Appellants.

Second Department, December 19, 1919.

Bills and notes — promissory note secured by collateral with provision for sale without notice of non-payment — evidence not establishing agreement to extend note or waive right to sell securities.

Action by a bank upon a promissory note made and guaranteed by the defendants and secured by collateral, with an agreement that the plaintiff had a lien on the maker's deposit and in case of non-payment might sell the security without notice which was waived by the guarantor. The note was not paid at maturity and on the following day the maker mailed a letter to the vice-president of the plaintiff requesting an extension of time, whereupon said officer on the day following telephoned to the maker stating that he doubted whether the securities pledged were of sufficient value to cover the loan, but he did not expressly agree to an extension. The vice-president of the plaintiff inquired as to means of getting in communication with the maker's husband, who had guaranteed payment, but on the same day mailed a letter referring to the telephone conversation and expressly declined to grant a renewal and gave to the maker until the following day to take care of the note. Due to absence from home neither the maker nor her husband received the letter until

three days later, at which time the plaintiff wrote the maker that the balance of her deposit had been applied upon the note. The collateral security was afterwards advertised for sale and sold six days after the maker had received the letter from the bank. On all the evidence, *held*, insufficient to establish a parol waiver of the plaintiff's right to sell the securities, so that it was not liable on a counterclaim for conversion, and that it was proper for the court to direct a verdict for the plaintiff.

It was immaterial that the maker and the guarantor were out of town when the letter of the plaintiff was sent, where it appears that she received the letter on her return home but took no further steps to communicate with the plaintiff on the matter.

APPEAL by the defendants, Bertha E. Schundler and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of January, 1919, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 29th day of January, 1919, denying defendants' motion for a new trial made upon the minutes.

*Daniel Mungall*, for the appellants.

*Francis L. Durk*, for the respondent.

PUTNAM, J.:

The action is for $3,500.16, balance due on a promissory note for $6,000 payable to plaintiff, made by the defendant Bertha E. Schundler, payment of which note was guaranteed by defendant's husband, Hans O. Schundler. The complaint had credited $381.34, balance of deposit account, and $2,161, net proceeds of collaterals realized by sale. Defendant Bertha E. Schundler counterclaimed for conversion of the collateral stocks sold. This note in suit, being a renewal, was dated April 11, 1918, and payable May 11, 1918. As collateral security, defendant pledged 350 shares preferred stock of the Sawyer Shipyards Company, 350 shares of the common stock of the said company and 100 shares of the Lufkin Salvage and Shipping Company. Besides pledging the collateral already held, the note promised to furnish additional collateral security as the plaintiff might demand, and gave a lien on any balance of the maker's deposit with the plain-

tiff.   In case of non-payment, plaintiff has the right to sell these securities without notice, and notice was waived by the guarantor.

The note was not paid at maturity.   On Sunday, May twelfth (the day following the due day), Mrs. Schundler, maker of the note, mailed a letter to the vice-president of plaintiff, requesting an extension of time in which to pay the note.   On Monday, May thirteenth, he telephoned Mrs. Schundler and asked when the note would be paid.   She replied that she was not in a position to meet it then.   The vice-president stated he could not say if they would give an extension; that he doubted whether the securities pledged were of sufficient value to cover the loan.   Mrs. Schundler replied that the stock was good.

This becomes important because appellant claims that thereby an extension was arranged, and in this interview of May thirteenth the right to enforce the note waived.   This talk on May thirteenth was a telephone interview, clearly without any promise of an extension.   The vice-president did not then say, in so many words, that he would refuse any further extensions.   He expressed doubt if the collateral was of market value, and evidently preferred to have the husband to   talk with, instead of the wife.   She told him that Mr. Schundler had gone, or was going, out of town.   He asked the husband's office address and inquired his telephone number.   The defendant is not clear whether she gave that number to Mr. Lanman, the said vice-president.   But she testified that Mr. Lanman said that he would call her husband.   It would appear that Mr. Schundler was then leaving town, as on May sixteenth he wired to plaintiff from Chicago, saying: " Will attend Mrs. B. Schundler loan after return next week."

Any room for expecting indulgence was negatived by . Mr. Lanman's letter of May thirteenth, confirming this conversation.   It clearly declined to grant any renewal, and gave her until noon of the fourteenth to take care of the note. By her absence from home she did not receive it till her return in two or three days.   On the sixteenth, plaintiff also wrote her that her bank balance of $381.34 was applied toward this note.

The husband's wire from Chicago on May sixteenth, above quoted, did not arrive until after business hours of that date (the stamp is eight-thirty P. M.).

Plaintiff sent these collaterals for auction sale to Adrian H. Muller & Son. They advertised a sale with other stocks, to be had on May twenty-second — six days after the date Mrs. Schundler got the notice in Mr. Lanman's letter of the thirteenth. The advertisement appeared in the *Tribune* May eighteenth and twenty-second; *Wall Street Journal,* morning edition, May twentieth, twenty-first and twenty-second; and in the *Evening Post* May twentieth and twenty-first.

Upon the foregoing evidence, the court directed a verdict for plaintiff. The question for us is whether defendant's evidence, supplemented by such favorable inferences as a jury might properly draw therefrom, is sufficient to raise a question for the jury.

When defendant failed to pay the note when due, the bank had the right then to sell the collateral without notice, and to apply the proceeds to the payment of the debt.

Defendant's contentions all turn on the question of waiver. If no basis of any waiver appeared, we are not concerned with the point whether or not there was proof of damage, *i. e.,* whether defendant showed that the stock had a market value at the time, exceeding the avails of this sale. Had the matter rested on the telephone talk of May thirteenth after the note was overdue, perhaps a question of waiver might arise. But the letter of the thirteenth, following this 'phone interview, definitely granted an extension which expired on the fourteenth at noon.

It did not matter that Mrs. Schundler and her husband were both out of town. When she received this letter on her return home, she took no steps to speak with the plaintiff, not even after hearing on her return that during her absence Mr. Lanman had 'phoned her.

Attempted parol evidence of waiver seldom goes to the extent of creating a new contract, especially in arranging a renewal of commercial paper. In all this testimony is an entire absence of any basis for such agreement. On the contrary, the passive attitude of the defendants in face of

both of plaintiff's letters of May thirteenth and sixteenth, was evidence of acquiescence in letting the trust company sell this collateral.

I advise to affirm the judgment and order, with costs.

Present — JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs.